```
                   UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

University of Cincinnati,           :   Case No. 1:08-cv-654
                                    :
    Plaintiff,                      :
                                    :
vs.                                 :
                                    :
Benz Engineering Company, Inc.,     :
                                    :
    Defendant.                      :

**ORDER**

Before the Court are Defendant's motion to extend the date for filing its notice of removal (Doc. 6), and Plaintiff's motion to remand. (Doc. 7) For the following reasons, Defendant's motion will be denied, and Plaintiff's motion will be granted.

Plaintiff filed a complaint for damages against Defendant on August 19, 2008, in the Hamilton County, Ohio Court of Common Pleas. (Doc. 2) The complaint is premised upon disputes arising from an engineering contract between the parties. According to the Hamilton County Clerk's docket sheet available on the Clerk's website, Defendant was served with Plaintiff's complaint on August 22, 2008. A notice of the removal of the action to this Court was filed in the state case on September 22, 2008, and Defendant's answer was filed the next day.[1]

On September 23 at 2:43 p.m., Defendant filed in this case

---

[1] See Case History, Case No. A0807876, at www.courtclerk.org, accessed October 29, 2008.

the pending motion for an extension of time within which to file a notice of removal in this Court. The motion contends that a "technical failure" prevented Defendant from timely filing its removal notice on September 22, the last day of the 30-day period for removal provided under 28 U.S.C. §1446(b). The affidavit of Defendant's counsel accompanying the motion states that, on September 22, she attempted to complete the on-line CM/ECF tutorial on procedures for electronic filing of case-initiating documents. She states that when she completed the tutorial, "further contact was necessary with the Federal Court to complete the process." Another attorney in her firm then completed the tutorial the same day, but did not receive a test case from the Clerk's office.

Counsel states that, at some point in this process, a firm law clerk was sent to the Clerk's office to file the notice of removal, but that individual was "advised" that the Clerk's office "now closes at 4:00 p.m., rather than 5:00 p.m. as previously." (Doc. 6, Trombetta Affidavit at ¶5) At 6:21 p.m., unable to file the notice of removal electronically, counsel contacted Plaintiff's counsel to inquire if Plaintiff would oppose a late filing.

Defendant contends that these facts justify relief under Federal Rule 5.1(F), which the Court assumes is a reference to this Court's Local Rule 5.1(f), entitled "Technical Failures and

-2-

Inadvertent Filings." The rule states that a problem resulting from "... a technical failure or other incorrect filing caused by some other error in using the ECF system" may be corrected by motion, following the procedures under Local Rule 7.3(b). Rule 5.1(f) also states that "Counsel and parties should not assume that such relief is available on jurisdictional time limits (such as statutes of limitation or deadlines for appeal)."

The referenced Local Rule 7.3(b) states that anyone filing a motion "to which other parties might reasonably be expected to give their consent (such as ... for leave to file a document instanter, ... or to correct an electronic filing involving a technical error in using the ECF system)..." must first seek the other parties' consent to such a motion.

Plaintiff timely filed a motion to remand (Doc. 7) on October 10. Plaintiff argues that Defendant's notice of removal was defective, as 28 U.S.C. §1446(b) clearly states that a notice of removal "shall be filed" within thirty days of service of the complaint. Plaintiff also opposes Defendant's motion to extend the 30-day deadline, because the late filing was not caused by an ECF "technical failure," but by counsel's errors. (Doc. 8)

Defendant responds that Local Rule 7.3, concerning consent to motions, indicates a preference for counsel to stipulate to motions like the Defendant's, especially because that rule specifically includes an ECF "technical failure" as the type of

situation the Rule contemplates. Defendant complains that Plaintiff would not consent to its untimely filing, as reflected by Plaintiff's motion to remand.

At the hearing on Defendant's motion, the Division Manager for the Cincinnati Clerk's Office and the case administrator testified concerning this Court's procedures for and administration of its electronic filing system. The following facts were contained in their testimony.

Until September 2007, all documents initiating a new case in this Court were required to be filed "in paper," by delivering the pertinent documents to the Clerk's Office. See Local Rule 3.1, "Initial Filings." A "new case" includes a case removed from the state courts. A mechanism permitting the on-line payment of filing fees, adopted by the federal courts, now allows new case filings to be accomplished electronically using the CM/ECF system.

An established ECF user must take a training tutorial, available on the Court's website, to learn how to complete an initial case filing. Once the user reaches the last screen of the tutorial, the user requests that a "test case" be sent to her via email. The user completes the "test case" and sends the results back to the Clerk. If the user correctly completes the test case, the CM/ECF administrator is notified and new case filing access is added to the user's ECF account. If the test

case is incorrect or incomplete, another test case is sent to the user to complete.  Upon successful completion, the user's ECF access is expanded to include new case filing capability.  However, there is absolutely no requirement in this Court's Local Rules, or in any of the instructions provided by this Court concerning the CM/ECF system, that new cases **must** be filed electronically.

The Clerk's Office in Cincinnati is open to the public from 9 a.m. to 4 p.m.  These public hours have been in effect since April 17, 2006.  The Clerk's office staff are on duty in the Clerk's office until 5 p.m.  An individual who appears at the Clerk's office window between 4 p.m. and 5 p.m. with a document that must be filed that day will be helped to complete the filing.

The Clerk's Office general telephone number is answered by staff until 4 p.m.  After hours and weekends, a recording instructs callers on how to obtain help with emergency filings.  (This accords with the requirement of Fed. R. Civ. P. 77(a), stating that the district courts are "always open" to permit documents to be filed.)

The Clerk's Office has no record of any telephone call received from Defendant's counsel's law firm on September 22, requesting assistance with the filing of a document.

DISCUSSION

Removal jurisdiction raises significant federalism concerns, and for that reason the removal statutes are strictly construed. See, e.g., Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941). The parties do not dispute, and the complaint establishes, that this Court's jurisdiction over this case would otherwise be proper under 28 U.S.C. §1331, as the parties are of diverse citizenship, and the amount in controversy is over $75,000. Objections to procedural defects such as untimely filing may be waived by a non-removing party, but no waiver has occurred here. Plaintiff timely filed a motion to remand the case to Plaintiff's chosen state venue.

Defendant argues that the untimely filing was caused by a "technical failure." As the facts demonstrate, there was no system failure, as it appears that the ECF system operated normally. The problem appears to be that counsel waited until the last minute to attempt to electronically file a case-initiating document, a notice of removal. Nothing prevented counsel from seeking the assistance of the Clerk to accomplish that task at any time on September 22.

Counsel's affidavit states that a law clerk was dispatched to file the paper document, but was "advised" that the Clerk's office closes at 4 p.m., not 5 p.m. Counsel's affidavit does not disclose when the law clerk actually arrived at this courthouse;

if it was before 5 p.m., someone in the Clerk's office would have helped accomplish the filing.  If it was after 5 p.m., the fact that the Clerk's office public hours end at 4 p.m. is irrelevant.  The Court also notes that these public hours have been in effect since April 17, 2006.

Defendant also argues that this Court's CM/ECF procedures result in an unfair and arbitrary shortening of the 30-day statutory period for filing a notice of removal.  If an attorney has already secured the ability to electronically file case-initiating documents, the attorney may e-file those documents until 11:59 p.m. on the 30th day of the removal period.  However, if an attorney has not previously secured those filing rights, Defendant suggests that attorney has three days less time because the attorney must complete the registration and tutorial steps, which require the attorney to wait on the Clerk's office staff to provide the test case and then to grade the test, all at the "leisure" of the staff.  This suggestion is completely unsupported by any facts in the record that any member of the Clerk's office staff treated counsel's application "leisurely." Moreover, this argument completely ignores the fact that Clerk's office staff are available to assist any attorney who calls with an emergency filing at any time.  It is true that attorneys who opt to take the ECF tutorial late in the day or after business hours will not receive a response and a test case from the

Clerk's office until the next business day.  But an attorney who waits until after business hours to attempt to e-file a time-sensitive notice of removal should not have a reasonable expectation that Clerk's office staff are or should be on duty in the courthouse to assist with ECF problems, absent some notice from counsel that there **was** a problem or a time-sensitive situation.  This Court's website contains several clear statements of the Clerk's Office business hours.  These include the "Welcome" screen for the case opening tutorial: "Contact the Court's local Clerk's Office between the hours of 9:00 A.M. and 4:00 P.M., Monday through Friday, if you need assistance with your training."  The "Clerk's Office" section of the website clearly states that office hours are 9:00 to 4:00 p.m., Monday through Friday.

The Court's website also contains a list of "Frequently Asked Questions" about ECF; one of those questions asks what to do if a pleading needs to be filed that day and the filer needs to register for ECF.  In that case, the attorney is instructed to contact the Clerk's office.

The Court therefore rejects Defendant's assertion that a "technical failure" attributable to the Court's policies and procedures, or to the CM/ECF system, is responsible for Defendant's untimely filing.  True "technical failures," such as a log-in failure using a valid password or a network shut-down,

are examples of ECF technical "failures" that this Court's Local Rules 5.1(f) and 7.3(b) are designed to correct. No such failure occurred here.

The Court also notes that Fed. R. Civ. P. 6(b)(1)(B) permits the Court, for good cause, to extend time for certain events even after the applicable time period has expired, if a party fails to timely file because of excusable neglect. It is not entirely clear that this Rule permits the Court to excuse Defendant's untimely filing of a removal notice over the objections of Plaintiff; see, e.g., <u>The Formula, Inc. v. Mammoth 8050</u>, 2007 U.S. Dist. LEXIS 95336 (S.D. Fla., January 3, 2008), granting remand after defendant filed its removal notice one day late, because defendant incorrectly assumed that the courthouse was closed on the day after Thanksgiving. The district court rejected defendant's contention that an "inadvertent, good-faith, short delay" was sufficient to permit the late filing, in view of the plaintiff's remand motion. The Court need not resolve this question, however, because counsel does not argue or suggest that its own excusable neglect caused or even contributed to this situation.

Finally, the Court notes that Defendant will not suffer any undue prejudice as a result of a remand. The case will simply be returned to the jurisdiction where it was originally filed, and nothing in this Order precludes Defendant from raising any

defense it may have to the merits of Plaintiff's complaint.

**CONCLUSION**

For all the foregoing reasons, Defendant's motion for an extension of time in which to file a notice of removal (Doc. 6) is denied.  Plaintiff's motion to remand (Doc. 7) is granted.  This case is remanded to the Hamilton County, Ohio Court of Common Pleas.

IT IS SO ORDERED.

THIS CASE IS CLOSED.

DATED: December 22, 2008     s/Sandra S. Beckwith
                             Sandra S. Beckwith, Chief Judge
                             United States District Court